UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NORRIS N. CALHOUN,

    Plaintiff,

                                    Case No. 4:08cv409-SPM/WCS

FLORIDA STATE HOSPITAL,

    Defendant.
_____/

## PLAINTIFF PRO SE, RESPONSE TO MOTION FOR SUMMARY JUDGEMENT

Plaintiff, Norris N. Calhoun (PRO SE), pursuant to Fed. R. Civ. P. 56 and N.D. Fla. Loc. R. 56.1, respon to the entry of defendant motion for summary judgement, and states:

## FACTUAL BACKGROUND

1. Plaintiff has filed a Title VII complaint against FSH, alleging unlawful disparate treatment based on gender.

2. There are (4) four male staff only orders at issue in this lawsuit V,R B,E R,Y and H,B

3. Plaintiff, a Unit Treatment Rehabilitation Specialist in the male forensic unit at Florida State Hospital, alleges male employees were designated to perform particularly difficult

Plaintiff is a male direct care worker Unit Treatment Rehabilitation Specialist, employed by the defendant Florida State Hospital in forensic corrections unit-23, that houses male residents, the residents are admitted to the hospital from the criminal justice and corrections system, who are admitted to FSH because they have been adjudicated not guilty by reason of insanity or incompetent to proceed.

## Responsibility

Admitting residents to the unit, orientation of residents to the pod, writing admittions notes, writing daily notes for seven days of the resident behavior and condiction, writing weekly notes for seven weeks of the resident behavior and condiction, and monthly summary notes, monthly until the resident is discharged from the hospital or transfered to unit-21 or unit 25 a less restricted unit. UTRS or HSW better known as direct care staff, hold groups, and counsel with the residents on a daily basis, and spends at least 95% percent of the time working directly with the residents. Psychologists and Psychiatrists spends only about 10% percent of their time with direct contact with the residents and the information that Psychologist or Psychiatrists receive comes directly from the UTRS. Psychologist or Psychiatrists dosn't spend enough direct contact with one individual resident on daily basis, but hold monthly meetings on several different residents monthly and the meetings only last for minutes. Psychiatrist or Psychologist dosn't spend enough direct contact or time with the residents, to issue a male staff only order, for a business necessity.

The male staff only orders, were an act of illegal employment practice and were not written for treatment.

There were four (4) male staff only order written, on one (1) V.R order that were written on 07-31-07 EXHIBIT A didn't identify any form of treatment on the diagnosis and treatment section of the order. On the medical / Psychiatric notes EXHIBIT C from 06-08-07 through 08-30-07 there is no document by Dr. Rahab to describe V.R behavior Dr. Rahab indicated in her depo that all treatment should be document. Dr Rahab failed to make an entry in the medical / psychiatric notes, but issued a male staff only order on 07-31-07, The medical / psychiatric notes are a legal and vital document and should be completed whenever a psychiatric provide or order medical treatment for a resident.

On another order resident B.E that were written on 09-05-07 EXHIBIT E that states (male staff only) were for suicidal precaution, which both male & female employees have been train on how to handle or monitor suicidal residents, there is no need to issue a male staff only order. Once again in the medical / Psychiatric notes Exhibit G from 07-23-07 through 11-05-07 Dr. Sandra Rahab MD failed to indicate the business necessity to issue a male staff only order.

On the order that were written for resident R.Y on 08-17-07 EXHIBIT H that also states (male staff only) were for masturbation imposing self, the male resident were imposing himself to male staff also, who didn't care to see, male employees dosn't receive differential pay. In the medical / psychiatric note EXHIBIT J states that resident R.Y were Sexually inappropriate on numerous accossions with female staff, and following house-keeping. Resident R.Y should have been placed in seclusion for such behavior, which is a isolated area, or a 2:1 Special so that resident can be monitor by two employees and not male staff only.

on the last order that is at issue in this lawsuit, were writen on 06-27-08 EXHIBIT L, HB in unit-21 that houses all male resident, Stated (male staff only) were writen after the office of civil rights an EEOC completed its investagation this male staff only order were writen because resident H.B were found to have a package of illegal substance. In the medical / Psychiatric notes EXHIBIT M there is no document by Ms. Mathews ARNP to describe resident behavior or the business necessity to issue a male staff only order. male employees have no special or advance training in how to idenify or how to handle a resident who may have illegal substance.

1. Each resident is assigned to a treatment team, a treatment team formally consists of the resident himself, a direct care worker, a nurse, resident advocate, a social worker, a QMPH Quolifield Mental Health Professional, a psychologist and psychiatrist. Unit-23 has four pods A, B, C, D that houses 25 residents each, each pod has a treatment team, plaintiff were assigned to unit 23 pod-D, were three of the male staff order were writen an mention in this lawsuit V, R B, E, RY. The QMPH were Howard Wimberly (Male) Social worker Niki Davis (female), nurse Paige Pittman (female) Pschologist Sandi Lewis (female) and Psychictrist Sandra Rahab (female). Majority of Treatment team members are female employees, which also help influence Dr. Rahab decision to issue a male staff only order to protect the female employees.

2. The defendant Ms. Mathews has also stated, that it has been medically necessary, on occasion to enter "female staff only" orders, for 1:1 specials on female residents, however female only orders are not an issue in this lawsuit, the hospital has no evidence, that a female only order were writen, Finale, Ms. Mathews works in forensic unit-21 that houses all male residents.

3. The defendant has stated, a resident may require level C observation and be assigned to special staff ratios, so that either one or two staff members remains within arms length of the resident at all times (1:1 Special or 2:1 Special) if the behaviors continue to escalate into violence, Security can be assist with the resident, and special orders for the use of restraints or seclusion can be administered. It takes minutes before security respons to a situation, sometimes between 10-20 minutes, by this time the employee could be hurt or the situation would be over.

## NAACP COMPLAINT

On January 18, 2007, Plaintiff filed a complaint about the way my unit is run. SEE EXHIBIT P. The male staff only order wasn't an issue at this time, and wasn't mention in my complaint with the NAACP. However, Jennine Revel the unit Director of unit 23, forge a letter dated February 22, 2007, SEE EXHIBIT O, at this time the male staff only order wasn't an issue or complaint. There are (4) four male staff only orders mention in this lawsuit V,R B,E R,Y and H,B, the first order writen on 07-31-07 resident V,R Jennine Revel letter is dated February 22, 2007.

## DAMAGE

Plaintiff received counseling at Godsden Psychological Services, Depo of Jeff Landou, Ph.D. were taken on 06-03-07   SEE EXHIBIT 1

Plaintiff have shown good cause, the male staff only orders, were not writen for a business necessity, Plaintiff pro se respectfully requests the above Style Court to deny the defendant Florida State Hospital Final Summary judgement in its favor.

Norris Calhoun

Norris N. Calhoun
6295 Hartsfield Rd
Greenwood FL 32443
850-557-0087
Plaintiff Pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mail by U.S mail, to the clerk of court, and mail by U.S mail at Post Office Box 14079 Tallahassee, FL 32317-4079, this 17th day of July 2009.

*Norris Calhoun*